UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STERLING EQUIPMENT, INC.**,<br><br>Plaintiff,<br><br>v.<br><br>**M/V PVT NICHOLAS MINUE, in rem, and REUBEN ELBERG, in personam**,<br><br>Defendants. | Civil Action No. 22-cv-5914 (JXN) (JBC)<br><br>**ORDER AND JUDGMENT** |

**NEALS**, District Judge

**THIS MATTER** was opened to the Court by Gregory F. Barnett, Esq., counsel for Plaintiff Sterling Equipment, Inc. ("Plaintiff") on a Motion for Default Judgement against Defendant Ruben Elberg ("Defendant") pursuant to Federal Rule of Civil Procedure 55 (ECF No. 7) (the "Default Motion"). This is an admiralty and maritime law matter. On October 6, 2022, Plaintiff filed a Verified Complaint against Defendants M/V PVT Nicholas Minue (the "Minue"), *in rem*, and Defendant, the Minue's owner (ECF No. 1) (the "Complaint"), at 1. On November 1, 2022, Defendant "was properly served with a copy of the summons and [C]omplaint . . . ." Pl.'s Mem. of Law, at 7 ¶ 24; *see also* Aff. of Service (ECF No. 5). Defendant's Answer was due no later than November 22, 2022. Defendant did not file an Answer within the time prescribed. Pl.'s Mem. of Law, at 8 ¶ 25.

On January 9, 2023, Plaintiff filed a Request for Default against Defendant (ECF No. 6). On January 11, 2023, the Clerk of Court entered Default against Defendant. On February 22, 2023, Plaintiff filed the Default Motion. On the same date, Plaintiff served Defendant with a copy of the Default Motion, Plaintiff's Memorandum of Law, Mark Quinn's February 9, 2023,

Affidavit, and Gregory G. Barnett, Esq.'s February 21, 2023, Affidavit (ECF No. 8).  On March 3, 2023, Plaintiff served Defendant with a copy of an Order setting a deadline for the Default Motion (ECF No. 9).

Defendant has failed to file any responsive pleading or otherwise appear in this action and has not requested any extension of time to respond.  This Court has subject matter jurisdiction over this matter pursuant to admiralty and maritime jurisdiction under 28 U.S.C. § 1333.  Venue is proper under 28 U.S.C. § 1391(b).  The Court has carefully reviewed Plaintiff's submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons stated herein, the Default Motion is **GRANTED** and Default Judgment is entered in favor of Plaintiff and against Defendant, *in personam*, as to Plaintiff's Abandonment claim (Count III); and the Court makes the following findings:

(1) To obtain a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015).  Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.*  Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017).

(2) Here, all factors weigh in favor of granting default judgment against Defendant. First, Plaintiff has been prejudiced because Defendant failed to timely respond to the Complaint

and Summons.  *See Peterson v. Boyarsky Corp.*, No. 8-1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant].").  Second, the facts alleged in the Complaint provide no indication of a meritorious defense.  "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the defendant has] a meritorious defense….'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted).  Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc.*, No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted).  As Defendant has not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies.  *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

(3)     Based on the allegations contained in the Complaint, which this Court takes as true for the purposes of the Default Motion, Plaintiff has adequately alleged a claim for Abandonment (Count III) under N.J.S.A. 12:7c-10.  For a plaintiff landowner to establish that a vessel is abandoned and initiate proceedings to acquire title to that vessel, the plaintiff must show that "the owner of the vessel fail[ed] to claim the impounded vessel and pay the reasonable costs of removal and storage by midnight of the 30th day following impoundment . . . ." *Id.*  If shown, "it shall be prima facie evidence of abandonment and shall establish a rebuttable presumption that the vessel is abandoned."  *Id.*  A landowner is then free to "institute proceedings to acquire title to any abandoned vessel on his land . . . ." *Id.*  The "acquisition of title divests any other person . . . of any interest in the vessel." *Id.*

(4)     Plaintiff alleges that it, "[a]s [the] landowner where the [Minue] remained over 30

3

days, has established prima facie evidence of abandonment and established a rebuttable presumption that the [Minue] is abandoned. Compl. ¶ 55. Plaintiff further alleges that "[f]or the past six years . . . [Plaintiff] has been in physical possession and control" of the Minue, and "has incurred considerable expense and expended considerable time and effort" in connection to the Minue, the "value of the work and materials" estimated to be "at least $88,044.80." Pl.'s Mem. of Law, at 6 ¶¶ 17-18. Additionally, that "[d]uring the past six years . . . [Defendant], despite notice, has not made any payments for necessary maintenance, repair, or services related" to the Minue. *Id.* at 7 ¶20. The acts of Defendant constitute abandonment under N.J.S.A. 12:7c-10. And the Court finds that Defendant M/V PVT Nicholas Minue is abandoned property. Accordingly, Plaintiff has adequately alleged a claim of Abandonment against Defendant.

**IT IS** on this 22nd day of August, 2023,

**ORDERED** and **ADJUDGED** that **DEFAULT JUDGMENT** be and hereby is entered in favor of Plaintiff Sterling Equipment, Inc. and against Defendant Ruben Elberg, *in personam*, as to Plaintiff's Abandonment claim (Count III); it is further

**ORDERED** that the Clerk of Court is directed to enter judgment in favor of Plaintiff Sterling Equipment, Inc.; it is further

**ORDERED** that pursuant to N.J.S.A. 12:7c-10, Plaintiff Sterling Equipment, Inc. shall be allowed to obtain title to Defendant M/V PVT Nicholas Minue, remove Defendant M/V PVT Nicholas Minue from its property, and/or otherwise dispose of Defendant M/V PVT Nicholas Minue; it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

 s/ Julien Xavier Neals<br>
**JULIEN XAVIER NEALS**<br>
United States District Judge